IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| American Express National Bank, | : | Case No. 1:24-cv-105 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | Order Adopting Report and |
| | : | Recommendation and |
| Mahmoud Alili, *et al.* | : | Granting Motion to Remand |
| | : | |
| Defendants. | : | |

This matter is before the Court on the Order and Report and Recommendation entered by Magistrate Judge Stephanie K. Bowman on February 12, 2025. (Doc. 17.)  The Magistrate Judge recommended that the Court Grant Plaintiff's Motion to Remand this action to the Court of Common Pleas in Hamilton County, Ohio. (Docs. 14, 17.)  The parties did not object to the Report and Recommendation.

Title 28 U.S.C § 636(b)(1)(B) & (C) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions and prisoner petitions challenging conditions of confinement.  Parties then have fourteen days to make file and serve specific written objections to the report and recommendation.  28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

The Court agrees with the well-reasoned Report and Recommendation.  Plaintiff sued Defendants for breach of contract in the amount of $30,886.20 in the Court of Common Pleas in

Hamilton County, Ohio.  (Doc. 2.)  The Complaint does not provide a basis for the Court to exercise subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 or 28 U.S.C. § 1332.  Defendants filed Counterclaims against Plaintiff, including claims arising under the United States Code, and prayed for relief in an amount greater than $75,000.  (Doc. 6.)  However, "it is well settled that federal counterclaims and defenses are inadequate to confer federal jurisdiction."  *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914–915 (6th Cir. 2007) (internal quotation and citation omitted).  Also, removal was inappropriate based on diversity jurisdiction because Alili resides in Ohio.  *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.")  Because this Court lacks subject matter jurisdiction over this action, remand is appropriate.

The Report and Recommendation (Doc. 17) is **ADOPTED**, and Plaintiff's Motion to Remand (Doc. 14) is **GRANTED**.  The Clerk of Court is **ORDERED** to remand this action to the Court of Common Pleas in Hamilton County, Ohio.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

J:\Lawclerks\Fechtel\1-Orders Adopting R&Rs\AMEX v. Alili--104--Order Adopting R&R Doc. 22.doc